UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ATUL JAIN,

    Plaintiff,

v.                                                                            Case No: 8:21-cv-994-TPB-AAS

THE TOWERS OF CHANNELSIDE
CONDOMINIUM ASSOCIATION,
MARILYN DALY, STEVEN SCHWARTZ,
JOANN PETRUZZELLA, and
STEPHEN WALTERS,

    Defendants.
_____

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' "MOTION TO DISMISS PLAINTIFF'S COMPLAINT"

This matter is before the Court on Defendants' "Motion to Dismiss Plaintiff's Complaint," filed by counsel on May 19, 2021. (Doc. 13). On June 1, 2021, Plaintiff filed his response in opposition. (Doc. 14). After reviewing the motion, response, court file and record, the Court finds as follows:

### Background

Plaintiff Atul Jain alleges that over the last two years, he has suffered a pattern of discriminatory treatment by The Towers of Channelside Condominium Association and certain members of its leadership and management teams, including board members Marilyn Daly, Steven Schwartz, JoAnn Petruzzella, and manager Stephen Walters. According to Plaintiff, Defendants have repeatedly denied him the same rights and privileges afforded to other residents, including censoring him and denying him access to an online public forum (BuildingLink), refusing to repair the sliding

glass doors in his unit, and denying him access to records. Plaintiff asserts that these actions, and others, violate state and federal fair housing laws and the governing documents of the Association.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Counts One and Two – Disparate Treatment Under the Federal Fair Housing Act against the Association, Daly, Schwartz, Petruzzella, and Walters*

Defendants seek dismissal of Counts One and Two, arguing that they are improperly lumped together and that Plaintiff has failed to sufficiently identify the acts and omissions each individual defendant is responsible for.  In these counts, Plaintiff generally alleges that while Daly, Petruzzella, and Schwartz were board members of the Association, and while Walters was the general manager, the Association engaged in several discriminatory acts against him, including failing to repair common elements within his unit and blocking him from BuildingLink, a message board utilized by the Association.  Plaintiff also alleges that these acts violated the covenants of the Association.  Upon review, the Court concludes that Counts One and Two are sufficiently pled and give Defendants notice of the claims against them.  The motion to dismiss is denied as to this ground.

### *Count Four – Declaratory Judgment Against Daly, Schwartz, Petruzzella, and Walters*

Defendants move to dismiss Count Four, arguing again that Defendants are improperly lumped together.  For the reasons discussed in the Court's analysis of Count One, this ground is denied.  Defendants also argue that Plaintiff has failed to state a claim for declaratory judgment.  In the complaint, Plaintiff alleges that there is an actual case or controversy concerning Defendants' "obligation to stop discriminating against [Plaintiff] based on his national origin and/or race."  He requests a judgment declaring that Defendants "have an obligation to treat [Plaintiff] fairly and like other similarly situated residents by, among other things, repairing the

sliding doors and all elements thereof abutting [Plaintiff"s] unit and affording [Plaintiff] equal access to the Towers' public forums, including BuildingLink."

It appears that – in this count – Plaintiff is merely requesting a declaration that the named Defendants stop discriminating against him and treat him like other similarly-situated residents. This is not a proper subject for declaratory judgment. *See Wheeler v. Maddox*, No. 5:15-cv-232/MP/GRJ, 2016 WL 7116123, at *3 (N.D. Fla. Oct. 24, 2016). Moreover, Plaintiff does not allege ambiguity, and he does not allege any uncertainty as to the rights of the parties. *See Liotto v. Hartford Ins. Co. of the Midwest*, No. 8:11-cv-2290-EAK-TGW, 2012 WL 646257, at *4 (M.D. Fla. Feb. 28, 2012).

To the extent that Plaintiff requests a declaratory judgment as to Defendants' obligation(s) to repair his sliding doors and afford him access to BuildingLink, these claims are duplicative of his other claims in Counts One, Two, Three, and Five. *See, e.g., Salazar v. American Sec. Ins. Co.*, No. 8:13-cv-2002-EAK-TBM, 2014 WL 978405, at *2-3 (M.D. Fla. Mar. 12, 2014) (dismissing declaratory judgment claim as duplicative of breach of contract claim).

### *Count Six – Violation of the Florida Condominium Act Against the Association, Daly, Petruzzella, and Schwartz*

In Count Six, Plaintiff alleges that the Association, Daly, Petruzzella, and Schwartz violated the Florida Condominium Act when they willfully and knowingly breached their contractual duties by failing to repair his sliding doors and denying him access to BuildingLink. Daly, Petruzzella, and Schwartz seek dismissal, arguing that even if the allegations were true, they would not be subject to personal liability

under § 617.0834(1), *F.S.* However, the statutory immunity afforded to officers and directors of non-profit corporations in Florida does not apply to willful violations of rights, which Plaintiff alleges here. *See, e.g.*, § 617.0834(1)(b)(3), *F.S.*; *Housing Opportunities Project for Excellence, Inc. v. Key Colony No. 4 Condo. Assoc., Inc.*, 510 F. Supp. 2d 1003, 1013-14 (S.D. Fla. 2007). As such, Plaintiff has stated a sufficient claim against the board members. The motion to dismiss is denied as to this ground.

### *Count Seven – Breach of Fiduciary Duty Against Daly, Schwartz, Petruzzella, and Walters*

In Count Seven, Plaintiff alleges that Daly, Schwartz, Petruzzella, and Walters – as the officers and manager of the Association – owed him fiduciary duties as an individual unit owner, and that they breached those duties by personally and intentionally discriminating against him and refusing to discharge their required duties under the governing documents.

Walters argues that because he is not an officer or director of the Association, he does not have a fiduciary relationship to the owners and therefore cannot be liable for breach of fiduciary duty. Florida law provides that officers and directors of an association have a fiduciary relationship to unit owners; however, the Legislature specifically did not provide for or remove "a requirement of a fiduciary relationship between any manager employed by the association and the unit owners." § 718.111, *F.S.* This statute therefore cannot serve as the basis for Walters' alleged fiduciary duty, and Plaintiff does not identify any other source of the alleged fiduciary duty. Because the basis for Plaintiff's claim against Walters is unclear, the motion to dismiss is granted with leave to amend to clarify the basis of Walters' alleged fiduciary

duty. *See Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327, 1334 (S.D. Fla. 2012).

As to Daly, Schwartz, and Petruzzella, the Court finds that Plaintiff has sufficiently alleged a breach of fiduciary duty claim against each of these Defendants as explained in its analysis of Count Six. The motion to dismiss is denied as to this ground.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED**:

1) Defendants' "Motion to Dismiss Plaintiff's Complaint" (Doc. 13) is hereby **GRANTED IN PART** and **DENIED IN PART**.

2) The motion is **GRANTED** to the extent that Count Four is **DISMISSED**. Count Seven is **DISMISSED IN PART**, with leave to amend as to the allegations against Defendant Walters.

3) The motion is otherwise **DENIED**.

4) Plaintiff is directed to file an amended complaint to correct the deficiencies identified in this Order on or before August 5, 2021.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of July, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**